# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Anita M. Jacobs, | Civ. No. 08-431 (JMR/JJK) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION ON PETITION FOR ATTORNEY FEES |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

Fay E. Fishman, Esq., Peterson & Fishman, counsel for Plaintiff.

Lonnie F. Bryan, Esq., Assistant United States Attorney, counsel for Defendant.

JEFFREY J. KEYES, United States Magistrate Judge

The above matter is before this Court on Plaintiff's Petition for Attorney's Fees (Doc. No. 35), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $7,128.00.  Plaintiff contends that she is entitled to an award of attorney fees under the EAJA because she is the prevailing party in this case and because the Commissioner's position was not substantially justified.  Defendant does not dispute the fact that Plaintiff is the prevailing party.  Rather, Defendant opposes the motion on the grounds that the Commissioner's position on this matter was substantially justified, and alternatively argues that if the Court grants an award, that the amount awarded should be reduced.  This matter has been referred to this Court for a Report and

Recommendation by the District Court pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons stated below, this Court recommends that Plaintiff's Petition be granted.

## PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits in 2003.  (Doc. No. 28, Report and Recommendation ("R&R") 2.)  The Social Security Administration denied her application both initially and on reconsideration.  (*Id.*)  After an administrative hearing before an Administrative Law Judge ("ALJ"), the ALJ issued an unfavorable decision, finding Plaintiff not eligible for disability insurance benefits.  (*Id.*)  The ALJ concluded that Plaintiff was not disabled and retained the residual functional capacity ("RFC") to perform a significant number of jobs in the national economy.  (*Id.* at 26-28.)  After the Appeals Counsel denied review, Plaintiff filed a civil action with this Court seeking review of the Commissioner's final decision.  (Doc. No. 1.)  Plaintiff and Defendant then filed cross-motions for summary judgment (Doc. Nos. 14, 23).  On January 7, 2009, the undersigned issued a Report and Recommendation (Doc. No. 28), which recommended that Defendant's motion be denied, Plaintiff's motion be granted, and the case be remanded for further proceedings because the ALJ had ignored the psychological origin of Plaintiff's pain in her analysis, and had not explained how she balanced the *Polaski* factors in light of the record as a whole during her credibility analysis.  (R&R 37, 39.)   The Commissioner did not object to the undersigned Report and Recommendation.  (*See* Doc. No. 30.)  On January 23,

2009, the District Court adopted the Report and Recommendation in an Order. (Doc. No. 32.) Plaintiff now requests an award of attorney fees and expenses under the EAJA.

## DISCUSSION

### I.      Legal Standard for Fees under EAJA

The EAJA allows an award of attorney fees to the prevailing party in adversarial adjudications where the position of the United States was not substantially justified. The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). An application under the EAJA must include: (1) proof that the plaintiff was worth less than two million dollars at the time the civil action was filed; (2) a statement of the amount sought; (3) an itemized statement of the actual time spent by the attorney on the case; (4) a statement of the rate at which fees and other expenses have been computed; and (5) an allegation that the position of the United States was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B).

The Supreme Court has held that a judgment granting remand is a final judgment for which fees may be granted. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). The Commissioner does not dispute that Plaintiff's application

3

was complete or that she was a "prevailing party" within the meaning of the statute. Instead, the Commissioner argues that he was substantially justified in his position.

The Commissioner bears the burden of proving that the denial of benefits was "substantially justified." *See Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). To establish substantial justification, the Commissioner must show that the denial of benefits had a reasonable basis in law and fact. *See Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991) (citing *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988)). The test for whether the Commissioner's position was substantially justified requires a showing that the position was "clearly reasonable, well founded in law and fact, solid though not necessarily correct." *Friends of Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995). This means that the Commissioner's position need only be "justified to a degree that could satisfy a reasonable person" to defeat a claimant's application for attorney fees. *Pierce*, 487 U.S. at 565. This inquiry involves an evaluation of the Commissioner's position both at the pre-litigation and litigation phases of the case. *See* 28 U.S.C. § 2412(d)(1)(B); *Iowa Express Distribution, Inc. v. NLRB*, 739 F.2d 1305, 1309 (8th Cir. 1984).

Fees are not to be awarded simply because the Commissioner loses the case. *See Welter*, 941 F.2d at 676. The Commissioner's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole. *See id.*; *Jackson v. Bowen*, 807

4

F.2d 127, 128 (8th Cir. 1986). The rationale underlying this rule is that the substantial evidence and substantial justification standards are different. *See Welter*, 941 F.2d at 676. As the Eighth Circuit explained:

> Under the substantial evidence standard, the district court must consider evidence that both supports and detracts from the Secretary's position . . . . In contrast, under the substantial justification standard the district court only considers whether there is a reasonable basis in law and fact for the position taken by the Secretary.

*Id.* (citation omitted). Because the standards are "neither semantic nor legal equivalents, the [Commissioner] can lose on the merits of the disability question and win on the application for attorney[] fees[.]" *Id.* (quotations omitted).

## II.    Analysis

This Court concludes that the Commissioner's position was not substantially justified. An ALJ's failure to consider effects of mental impairments in combination with the effects of physical impairments in determining residual functional capacity violates the Social Security Act and constitutes reversible error. *See Pratt v. Sullivan*, 956 F.2d 830, 835-36 (8th Cir. 1992); *see also Benson v. Heckler*, 780 F.2d 16, 18 (8th Cir. 1985) (stating that "[t]his circuit has consistently held that an ALJ may not ignore evidence of a psychological origin of pain," and remanding for ALJ to evaluate the appellant's somatization and functional disorders under Listing 12.07). In addition, when determining a

plaintiff's credibility, "*Polaski* [1] requires an examination of five factors . . . and a discussion in the record of the relation of those factors to the evidence." *Cline v. Sullivan*, 939 F.2d 560, 569 (8th Cir. 1991). Here, the Commissioner defended the ALJ's analysis and decision, even though the ALJ had ignored the psychological origin of Plaintiff's pain in her RFC analysis, and had not explained how she balanced the *Polaski* factors in light of the record as a whole in her credibility analysis.

In order to determine whether substantial evidence supports the ALJ's decision, the court must be able to "trace the path of the ALJ's reasoning." *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985). Therefore, an ALJ is required to construct a "logical bridge" between the evidence and his conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). This is a minimal articulation standard, meaning that the ALJ is not required to address every piece of evidence in writing, but must explain his rejection of uncontradicted evidence that would support the claim for benefits, in order to overcome the inference that the ALJ did not reject the evidence but simply forgot it or thought it irrelevant. *Stephens*, 766 F.2d at 287.

As a general proposition, "the failure of an ALJ to satisfy the minimal

---

[1] *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (requiring the administrative factfinder to examine such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions).

articulation standard 'in no way *necessitates* a finding that the [Commissioner's] position was not substantially justified[,]'" as "the level of articulation required by the ALJ may be 'far from precise[.]'"  *Scott v. Barnhart*, No. 99 C 4651, 2003 WL 1524624, at *2 (N.D. Ill., Mar. 21, 2003) (quoting *Stein v. Sullivan*, 966 F.2d 317, 319, 320 (7th Cir. 1992), and adding emphasis).  Thus, "where the question of the ALJ's failure to minimally articulate is a debatable one, a conclusion that the ALJ's decision falls on the wrong side of that line will not result in a finding that the Commissioner lacked substantial justification for her litigation position."  *Id.*  Here, however, this Court does not find the ALJ's "failure to minimally articulate [to be] a debatable one."  Based on the lack of analysis by the ALJ, this Court could only conclude that the ALJ had not considered the effects of Plaintiff's mental impairments in combination with the effects of Plaintiff's physical impairments in determining her residual functional capacity, and had not balanced the *Polaski* factors in determining Plaintiff's credibility.  Because the Commissioner defended and supported the ALJ's analysis as it was, the Commissioner's positions were not substantially justified under the EAJA because the Commissioner's defense of the ALJ's decision did not have a basis in law in light of the above referenced case law.

### III.   Amount of Fees to be Awarded

The EAJA allows prevailing plaintiffs to collect fees and other expenses in cases against the United States in which the government's position was not substantially justified.  *See* 28 U.S.C. § 2412(d)(1)(A).  Fees awarded pursuant to

7

a fee shifting statute must be reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Plaintiff requests an award of fees in the amount of $7,128.00, calculated at the rate of $173.75 per hour for 38.2 hours of legal representation and 2.6 hours for preparing the attorney-fee petition, and $39.00 in expenses for service fees. The Commissioner does not argue that the hourly rate requested is unreasonable, but does argue that Plaintiff's fee request should be reduced by $399.62 based on certain items that the Commissioner labels as "administrative and clerical in nature." The Commissioner also argues that the Court should reduce Plaintiff's fee by an additional $173.75 based on the claim that Plaintiff's counsel's 1.5-hour review of the Report and Recommendation was excessive. This Court has reviewed the itemized time records for the work performed by Plaintiff's counsel and finds that the hours billed, the hourly rate requested, and the legal work performed by Plaintiff's counsel, is not excessive or unreasonable. Therefore, Plaintiff should be granted attorney fees and expenses in the full amount requested.

## RECOMMENDATION

Based on the file, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Petition for Attorney's Fees (Doc. No. 35) be **GRANTED**; and

  2.  The Government be ordered to pay Plaintiff $7,128.00 in fees and expenses.


Date: March 20, 2009        <u>*s/Jeffrey J. Keyes*</u>
                JEFFREY J. KEYES
                United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 3, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.